Dear Mr. Sanner:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. According to your request, the Cameron Parish Police Jury is planning to construct a group of buildings called "Cameron Square" to house the District Attorney, Registrar of Voters, Tax Assessor, and Police Jury. In order to complete the project, the police jury must purchase the necessary parcels of land for the "Square." The police jury has obtained one appraisal of the land it is seeking to purchase and expects to receive a second appraisal from the owner of the land. Assuming the two appraisals will assign different values to the land, you have asked the following:
 1. Must the Jury use the lowest appraisal?
 2. May the Jury use the highest appraisal?
 3. May the Jury pay a negotiated sum between the highest and lowest appraisal values?
As you are aware, Article VI, § 23 of the Louisiana Constitution authorizes political subdivisions to acquire property. It provides:
 Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise.
When a political subdivision purchases property with a value greater than $3,000.00, La.R.S. 33:4712.10 requires an appraisal: *Page 2 
 Notwithstanding any other provision of law to the contrary, no political subdivision shall purchase immovable property with a value greater than three thousand dollars unless prior to such purchase the property has been appraised by a qualified appraiser. No such appraisal shall include the value of improvements proposed to be made to the property after purchase by the political subdivision.
The purchase of immovable property for a price that exceeds the appraised value of the property would be tantamount to a donation of public funds; and therefore, a violation of Article VII, § 14(A) of the 1974 Constitution. La. Atty. Gen. Op. Nos. 99-251, 89-581.
Courts in several states have recognized that real property appraisal is an art, not a science. See Hawk v. Council Bluffs Airport Authority, 720 N.W. 191, 2006 WL 1230010 (Iowa App. 2006) (stating, "Appraisal is not an exact science, but a subjective exercise of professional judgment by qualified and skilled individuals who may reasonably disagree.");State v. Childers, 979 So.2d 412, 413 (Fla. 1st DCA, 2008) (stating, "In eminent domain proceedings, the differences in value asserted are frequently great, and the outcome usually turns on which of two or more property appraisers the jury funds to be more credible."); J.P. MorganChase Bank v. Mastej, 2007 WL 4733056 (Conn.Super.). Therefore, it is not unlikely that your police jury will receive two appraisals assigning different values to the land. In order to be considered by the police jury, the appraisal must have been made by a qualified appraiser and be fair and reasonable in light of current market conditions. La.R.S.33:4712.10. It must also be an appraisal of the land in its present, unimproved state. See Atty. Gen. Op. No. 08-0001, wherein we determined that an appraisal taking into account the future improvements to be made to the land after purchase by a police jury could not be considered by the police jury.
The police jury has the responsibility to act as a prudent manager of the public fisc. In the event that the police jury receives two qualified and properly conducted appraisals (both of which are prepared by qualified appraisers and do not include the value of improvements proposed to be made to the property after purchase by the political subdivision), it may choose to pay the price of either appraisal which is deemed to be credible and in accordance with La.R.S. 33:4712.10 or may negotiate a price between the two appraisals. However, this opinion should not be interpreted to say that a police jury can always pay the price as determined by the highest appraisal it receives. The appraisals must be closely scrutinized by the police jury to ensure they are reasonable and were properly conducted and reflect the fair market value of the property. Fair market value means the price at which property would change hands between a willing buyer and a willing seller when neither party is under any compulsion to buy or *Page 3 
sell and both parties have a reasonable knowledge of relevant facts. Atty. Gen. Op. No. 06-0236. Further, the police jury cannot pay an amount greater than the higher appraisal as this would be tantamount to a donation of public funds in violation of Article VII, § 14(A) of the 1974 Constitution.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY:___________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt